UNITED STATES DISTRICT COURT
SOUHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
YENCHUN CHEN,

                       Plaintiff,                Case No.: 24-cv-06313 (JHR)(RFT)

   -against-

                                                   **SECOND VERIFIED AMENDED COMPLAINT**

THE CITY OF NEW YORK, KYAW AUNG, MD,
<u>ASSISTANT DEPUTY WARDEN LILWANIA A. GLOVER</u>
and <u>ASSISTANT COMMISSIONER CHRISTOPHER L. MILLER,</u>

                       Defendants.
-----------------------------------------------------------------------X

Plaintiff, YENCHUN CHEN, by his attorneys, ADRIAN A. ELLIS, LLC, alleges as follows:

1. This is a civil rights action brought by plaintiff, YENCHUN CHEN, ("Plaintiff") for damages pursuant to 42 U.S.C. § 1983. Plaintiff was injured whilst in the custody of the New York City Department of Correction (hereinafter "DOC") at Rikers Island. Plaintiff brings this action for negligence, gross negligence, recklessness, wanton conduct/acts/omissions/failures, failure to provide timely/proper/adequate medical care/treatment, deliberate indifference and reckless disregard of/by the defendants herein for the life, health, safety, physical health, physical safety and well-being of plaintiff which directly and proximately caused plaintiff's injuries.

2. The plaintiff now seeks redress against defendant, THE CITY OF NEW YORK, (hereinafter the "CITY") for the direct and proximate cause of plaintiff's injuries.

**JURISDICTION AND VENUE**

3. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343(a)(3-4).

5. The acts complained of occurred in the Eastern District of New York and venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b).

6. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, was and still is a municipal entity, duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK DEPARTMENT OF CORRECTIONS is a "Mayoral Agency" of the City of New York, duly organized and existing under and by virtue of the laws of the State of New York.

## PARTIES

8. YENCHUN CHEN is a resident of the Queens, New York but resided at Rikers Island at the time of the occurrence.

9. Defendant, the City of New York (hereinafter the "CITY") is a municipal corporation which owns and operates Rikers Island through the Department of Corrections (hereinafter "DOC") the City creates and implements policies, including those pertaining to the operation and maintenance of the multi-facility complexes located on Rikers Island. Defendant CITY assumes the risks incidental to the maintenance of Rikers Island and the employment of its staff and correction officers. The DOC, through its senior officials at the central office and in each facility, promulgates and implements policies in regards to the inmates. The Department is also responsible for the appointment, training, supervision, and conduct of all DOC personnel.

10. Defendant, KYAW AUNG, MD, (hereinafter "AUNG") is a doctor within the New York City Health and Hospitals/Bellevue Hospital, acting in the capacity of an agent, employee of New York City Health and Hospitals. The actions herein were within the scope of his employment and as such he was acting under color of State law. Defendant AUNG is sued in his individual capacity.

11. <u>At all relevant times, ASSISTANT DEPUTY WARDEN LILWANIA A. GLOVER (hereinafter "Glover") was an assistant deputy warden within the New York City Department of Corrections assigned to Rikers Island acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of her employment and as such she was acting under color of State law. Defendant GLOVER is sued in her individual capacity.</u>

12. <u>At all relevant times, ASSISTANT COMMISSIONER, Christopher L. Miller (hereinafter "Miller") was an assistant commissioner within the New York City Department of Corrections assigned to Rikers Island acting in the capacity of an agent, employee of the defendant City. These actions were within the scope of his employment and as such he was acting under color of State law. Defendant MILLER is sued in his individual capacity.</u>

13. Prior to the commencement of this action, a notice of claim to commence an action was served on behalf of YENCHUN CHEN, upon the defendant.

14. Although more than thirty (30) days have elapsed since service of such notice of claim, the defendant neglected and have refused to pay said claim or adjust same.

15. That the hearing required by GML 50-h has been held.

16. This action is commenced within one (1) year and ninety (90) days from October 21, 2023, November 3, 2023 and November 4, 2023, the dates of the incidents, as herein set forth occurred.

## STATEMENT OF FACTS

17. On August 9, 2023, plaintiff had suffered from two falls whilst attempting to escape the custody of DOC whilst at Mount Sinai/Beth Israel. Plaintiff was suffering from withdrawal from his chronic addiction to amphetamines which fueled his desire to escape, as his withdrawal symptoms were left untreated.

18. On September 12, 2023, plaintiff was re-arrested, after his escape on August 9, 2023. As a result of injuries that plaintiff suffered as a result of the falls that occurred on August 9, 2023, plaintiff was taken to Bellevue Hospital Center where he was diagnosed with fractures to the lumbar spine, L1-L3. Upon the plaintiff's release from Bellevue Hospital Center, plaintiff was housed at the West Facility at Riker's Island.

19. On October 21, 2023, plaintiff was housed in a cell with a bathroom containing a stainless-steel floor. Plaintiff who was still recovering from the fractures to his back sought to take a shower. Due to his weakened and unsteady state, plaintiff requested assistance with showering as he had difficulty ambulating. However, after requesting assistance from the correction officer on duty, plaintiff was informed that the correction officer would be unable to provide assistance. Notably, the West facility is not consistently staffed with medical personnel who could assist the plaintiff. Medical personnel visit the facility but are not stationed at the facility. In attempting to take a shower, plaintiff slipped and fell whilst reaching for soap, thereby seriously exacerbating his back injuries and causing him to have to return to Bellevue Hospital Center. Doctors at Bellevue had to perform an

emergency spine surgery on plaintiff. Plaintiff had a L3 laminectomy and T11-L5 posterolateral instrumented fixation.

20. After the fall, plaintiff screamed for help but didn't receive a response from any staff members, including medical personnel for a couple of hours. Plaintiff was hospitalized for eleven days after the October 21, 2023 fall after which he was inexplicably returned to the West Facility.

21. On November 3, 2023, whilst plaintiff was at the West Facility, Rikers Island and post-op spine surgery, plaintiff fell from his wheel chair and chipped his tooth. Plaintiff returned to Bellevue Hospital and was discharged the same day. Plaintiff was returned to be housed at West Facility.

22. On November 4, 2023, plaintiff whilst at the West Facility, Rikers Island was once again left to recover in an unsuitable environment. The West Facility is not staffed by full time medical personnel and was therefore unable to meet the needs of a person in plaintiff's medical condition. As a result of being housed in the West Facility, the plaintiff had to try and navigate moving around in his cell to use the bathroom without assistance or suitable equipment. In attempting to move towards shower by using a wheelchair that was too large to be fully utilized in the cell, plaintiff attempted to stand to try and get to the shower area. As a result of trying to stand, the plaintiff was caused to fall, exacerbating prior injuries and causing additional injuries. The plaintiff was left on the ground for nearly three hours as staff failed to respond to his pleas for assistance. Ultimately, plaintiff was taken to the hospital on November 4, 2023, where he was admitted for three days.

23. Upon release from the hospital the plaintiff was finally housed in the North Infirmary Command, a facility staffed full time with medical personnel and better equipped to care for a person in plaintiff's medical condition.

## AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO 42 U.S.C. §1983 AGAINST ALL DEFENDANTS MEDICAL DELIBERATE INDIFFERENCE

24. Plaintiff, CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

25. On October 21, 2023, the plaintiff was recovering from multiple spinal fractures whilst housed in the West Facility. The West Facility did not contain full-time medical staff and the correction officers indicated that they could not provide any physical assistance in aiding inmates. When the plaintiff requested assistance with showering he was declined said assistance, thereby whilst in the shower, plaintiff fell, seriously exacerbating his injuries.

26. On November 4, 2023, the plaintiff despite being a recent post-surgical inmate was once again housed at the unsuitable West Facility. Plaintiff was unable to ambulate but was provided by defendant with a wheelchair that was too large to be used throughout the plaintiff's cell, and crucially by the bathroom. Plaintiff whilst attempting to get to the bathroom by standing up, fell and re-injured his recent surgically repaired spine. Plaintiff had to be hospitalized again for three days.

27. The City was aware that correction officers refused medical treatment and assistance to incarcerated individuals and that such practice presented an imminent harm to the plaintiff.

Additionally, the City was aware that the West Facility is not staffed consistently with personnel who can provide the care and assistance needed by the infirmed.

28. <u>However, because the plaintiff had escaped from the custody of the New York City Department of Corrections on August 9, 2023, a determination was made to withhold providing proper medical care to the plaintiff. This decision was made under the guise of security considerations, despite the plaintiff being in a debilitative state and in need of medical and assistive care unavailable where he was placed.</u>

29. Additionally, the City has consistently failed to properly investigate incidents of health and medical service deficiencies thereby implicitly declaring the City's sanction of such incidents.

30. The City's actions constituted medical deliberate indifference to the plaintiff's medical needs on both October 21, 2023 and November 4, 2023.

**AS AND FOR A SECOND CAUSE OF ACTION FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH AND SAFETY UNDER 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS**

31. Plaintiff, CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32. Defendant CITY through DOC had an affirmative duty to provide and administer health and medical services to plaintiff at their respective facilities.

33. That the defendant had a duty and obligation to plaintiff, to provide reasonable and adequate health and medical services.

34. Defendant City through DOC, and acting under the pretense and color of law, permitted, tolerated and acted with deliberate indifference for the health and safety of the plaintiff on both occasions as alleged herein, by housing him in an area ill-equipped and staffed to provide the necessary conditions for a person recovering from spine fractures. Despite the plaintiff's medical condition being openly known, the defendant and an unidentified employee(s), made a determination that the plaintiff did not need the care required of a person with spinal fractures.

35. The defendant had knowledge that the health care they provided and/or were responsible for providing to plaintiff was deficient, inadequate, and reflecting of a gross negligence.

36. Notwithstanding this knowledge, the health and medical care by defendant or which they were responsible for providing to plaintiff, failed to meet any acceptable standard of treatment and care in terms of modern medicine, technology, and current beliefs about human decency, and indeed was so grossly negligent. In doing so, defendant exhibited a deliberate indifference to the health, safety, welfare and medical needs of plaintiff, in violation of his constitutional rights as secured by the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States.

37. As a result of defendant's deliberate indifference to plaintiff's medical needs, plaintiff suffered severe and permanent injuries as well as unnecessary pain and suffering.

**AS AND FOR A THIRD CLAIM FOR RELIEF MUNICIPAL LIABILITY NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK AGAINST THE CITY**

38. Plaintiff, CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39. That Defendant, City, its employees, agents and/or servants, failed to take any necessary steps to prevent either occurrence, failed to properly train its employees, agents and/or servants in handling fragile and injured incarcerated individuals, failed to control and supervise its employees, agents and/or servants, failed to house infirmed inmates in appropriately staffed housing areas, and failed to prevent the aforesaid pain, suffering and permanent injuries to the plaintiff and were otherwise reckless, careless, and negligent.

40. Defendant City negligently hired, screened, retained, supervised, and trained the correction officers, medical personnel and other staff members. Had the City adequately supervised and trained the said individuals about the proper treatment of incarcerated individuals and the proper and allowable treatment and assistance; the proper staffing needed to care for infirmed inmates; the correction officers, medical personnel and other staff members would properly and timely provide adequate medical care and treatment to plaintiff to which the defendant were or should have been aware plaintiff was suffering from, and for which plaintiff requested assistance for.

41. The defendants' acts and conduct were the direct and proximate cause of plaintiff injuries and damaged and violated his common law rights as guaranteed by the common law and the laws and Constitution of the State of New York.

42. That as a result of the foregoing, plaintiff was caused to sustain pain and suffering and permanent injuries both physical and emotional, costs and expenses and was otherwise damaged and injured.

**AS AND FOR A FOURTH CLAIM FOR RELIEF FOR
NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK AGAINST ALL
DEFENDANTS**

43. Plaintiff, CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44. The City by and through its Department of Correction knew of and disregarded the negligent healthcare and medical treatment of incarcerated individuals, whose conduct and omissions were the direct and proximate cause of plaintiff's injuries and damages. The defendant negligently placed the plaintiff on both October 21, 2023 and November 4, 2023, in a housing area that was not equipped or staffed to properly care for an inmate in the plaintiff's condition. The staff who were consistently assigned to the West Facility refused and were not trained to provide the assistance necessary to avoid the plaintiff being placed in a hazardous situation.

45. The City by and through its Department of Correction jointly and severally, negligently caused and exacerbated physical injuries, emotional distress, and damage to the plaintiff. Their acts, omissions and conduct were the direct and proximate cause of plaintiff's injuries and damages, and violated his common law rights as guaranteed by the laws and Constitution of the State of New York.

46. City by and through its Department of Correction conduct alleged herein, occurred while the employees were during the course and scope of employment, duties, and functions as NYC DOC correction officers and NYC DOC medical personnel, and/or while they were acting as the City's agents and employees, clothed with and/or invoking state power and/or authority, and, as a result the City is liable to plaintiff for common law negligence pursuant to the state common law doctrine of respondeat superior.

47. As a result of the foregoing, plaintiff was seriously injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR LIABILITY OF
## THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

48. Plaintiff, CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49. The conduct of defendant CITY through DOC as alleged herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as New York City Department of Corrections officers and DOC medical personnel and while they were acting as agents, officers, servants, and employees of the defendant CITY OF NEW YORK. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York pursuant to the doctrine of respondeat superior.

50. As a result of the foregoing, plaintiff has sustained great physical and emotional injuries.

51. As a result of the foregoing, plaintiff was seriously injured and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## VICARIOUS LIABILITY

52. Plaintiff CHEN repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53. The New York City Department of Corrections, an agency of the defendant City of New York was negligent in its provision of medical assistance and care of the plaintiff and in

placing plaintiff in a housing area ill-equipped and staffed to house inmates possessing the physical infirmities of plaintiff. Therefore, under the doctrine of vicarious liability, the defendant City of New York is liable for all acts and omissions by its employees in the care of the plaintiff.

54. As a result of the foregoing, plaintiff was seriously injured.

## PRAYERS FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

a) Compensatory damages against all defendants';

b) Punitive damages against all defendants';

c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

d) Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
September 19, 2025

**ADRIAN A. ELLIS, LLC**
*Adrian A. Ellis*
By: Adrian A. Ellis, Esq.
***Attorney for Plaintiff***
26 Court Street, suite 1600
Brooklyn, New York 11242